```
                                    FILED
                          CLERK, U.S. DISTRICT COURT

                            12/15/2022

                          CENTRAL DISTRICT OF CALIFORNIA
                          BY:_____ed_____DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ANTHONY DAVID FLORES,<br>  aka "Anton David," and<br>ANNA RENE MOORE,<br><br>        Defendants. | CR 2:22-cr-00593-PA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud and Mail Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1028A: Aggravated Identity Theft; 18 U.S.C. § 1956(h): Conspiracy to Engage in Money Laundering; 18 U.S.C. § 1956(a)(1)(B)(i): Laundering of Monetary Instruments; 18 U.S.C. § 1957(a): Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity; 18 U.S.C. § 2(b): Causing an Act to Be Done; 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

<u>INTRODUCTORY ALLEGATIONS AND DEFINITIONS</u>

At all times relevant to this Indictment:

//

//

//

Defendants

1.   Defendant ANTHONY DAVID FLORES, also known as "Anton David" ("FLORES"), was a resident of Fresno, California and Malibu, California.  Defendant FLORES was a licensed hairdresser and the owner and operator of a window cleaning business in Fresno, California.

2.   Defendant ANNA RENE MOORE ("MOORE") was a resident of Fresno, California and Malibu, California.  Defendant MOORE was the owner and operator of a yoga studio in Fresno, California.

The Victim

3.   The victim (the "Victim") was a resident of Malibu, California, within the Central District of California.  The Victim was a board-certified ophthalmologist and private investor.  The Victim lived alone in a beachfront property (the "Beach House") located off Pacific Coast Highway.  The Victim's only living immediate family members were his elderly mother and sister, both of whom lived in Florida.

4.   The Victim gradually lost the ability to care for himself and was involuntarily hospitalized approximately eight times between 2015 and 2017.

5.   The Victim died at the Beach House on May 27, 2018.

The Victim's Financial Accounts

6.   The Victim had a brokerage account at Interactive Brokers, with a value in excess of $60 million, and a brokerage account at Fidelity Investments.

7.   The Victim also had life insurance policy with Protective Life Insurance, which he had in force since 1994.

<u>Financial Institutions and Defendants' Financial Accounts</u>

8.   J.P. Morgan Chase & Co. ("Chase") was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

9.   Defendants FLORES and MOORE opened, maintained, and had access to the following accounts at Chase:

   a.   An individual Chase checking account ending in 9607 in the Victim's name with defendant FLORES listed as having power of attorney (the "Chase POA checking account ending in 9607");

   b.   An individual Chase checking account ending in 4782 in the Victim's name with defendant FLORES listed as having power of attorney (the "Chase POA checking account ending in 4782");

   c.   An individual Chase savings account ending in 0922 in the Victim's name with defendant FLORES listed as having power of attorney (the "Chase POA savings account ending in 0922");

   d.   An individual Chase checking account ending in 2035 in defendant FLORES's name ("defendant FLORES's personal Chase checking account ending in 2035");

   e.   A joint Chase saving account ending in 1620 in defendants FLORES's and MOORE's names (the "Joint Chase savings account ending in 1620"); and

   f.   A joint Chase savings account ending in 6109 in defendants FLORES's and MOORE's names (the "Joint Chase savings account ending in 6109").

10.  First Primer Bank ("First Premier") was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

11.   Defendants FLORES and MOORE opened, maintained, and had access to six different bank accounts at First Premier.

12.   The Vanguard Group, Inc. ("Vanguard") was a registered investment company.

13.   Defendants FLORES and MOORE opened, maintained, and had access to a joint Vanguard investment account ending in 5065 in both defendants FLORES's and MOORE's names (the "Vanguard investment account ending in 5065").

COUNT ONE

[18 U.S.C. § 1349]

The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 13 of the Introductory Allegations and Definitions of this Indictment as though fully set forth herein.

A.   OBJECTS OF THE CONSPIRACY

1.   Beginning on an unknown date but no later than June 23, 2017, and continuing to on or about the date of this Indictment, in Los Angeles County, within the Central District of California, and elsewhere, defendants ANTHONY DAVID FLORES, also known as "Anton David" ("FLORES"), and ANNA RENE MOORE ("MOORE") knowingly conspired and agreed with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343, and mail fraud, in violation of Title 18, United States Code, Section 1341.

B.   MANNER AND MEANS OF THE CONSPIRACY

2.   The objects of the conspiracy were carried out, and to be carried out, in substance, as follows:

        a.   Defendants FLORES and MOORE would insert themselves into the Victim's life by using false representations and promises to gain influence over the Victim.

        b.   Defendants FLORES and MOORE would move into the Victim's Beach House, without paying rent.

        c.   Defendant FLORES would represent to the Victim's mother that defendants FLORES and MOORE were caring for the Victim and that they had the Victim's best interests in mind.

        d.   Defendant FLORES would fraudulently procure powers of attorney from the Victim in order to control the Victim's financial accounts.

5

1         e.    Defendants FLORES and MOORE would live with the

2    Victim, hold themselves out as the Victim's caretakers and guardians,

3    and make personal, legal, and financial decisions on the Victim's

4    behalf.

5         f.    Defendants FLORES and MOORE would receive all of the

6    Victim's financial information, including his credit cards, checks,

7    bank statements, accounts, and passwords, which would allow

8    defendants FLORES and MOORE to access the Victim's accounts and

9    funds.

10        g.    Using the powers of attorney procured from the Victim,

11   defendant FLORES would open multiple bank accounts in the Victim's

12   name, listing defendant FLORES as having power of attorney, which

13   would give defendant FLORES access to those funds.

14        h.    Defendants FLORES and MOORE would cause the Victim's

15   funds to be deposited into the accounts defendant FLORES opened, from

16   where defendants FLORES and MOORE would divert the Victim's funds for

17   their own personal use.

18        i.    Defendants FLORES and MOORE would use the Victim's

19   assets to fund their lifestyle, including purchasing various luxury

20   items for their own use, and their separate business ventures.

21        j.    Defendants FLORES and MOORE would also use the

22   Victim's funds to hire over a dozen assistants and other staff, whom

23   defendants FLORES and MOORE would use to work on their own personal

24   business ventures.

25        k.    Defendants FLORES and MOORE would facilitate their

26   fraudulent scheme, in part, by isolating the Victim from his family

27   and friends, and preventing mental health workers from conducting

28   welfare checks on the Victim.

1        l.    Defendants FLORES and MOORE would dissuade and
2   distract the Victim from paying attention to their activities by
3   providing the Victim with marijuana, and scheduling hours of massages
4   for the Victim each day.

5        m.    Defendants FLORES and MOORE would also subdue the
6   Victim and prevent him from learning of the extent of their
7   activities by facilitating weekly infusions of ketamine for the
8   Victim.

9        n.    Defendants FLORES and MOORE would also provide the
10  Victim with psilocybin mushrooms and lysergic acid diethylamide
11  ("LSD").

12       o.    Defendants FLORES and MOORE would conceal the Victim's
13  financial information and wealth from his family, including by
14  withholding the Victim's financial information from his family and
15  estate, removing the Victim's files from the Beach House, and
16  resisting efforts from the Victim's estate to recover funds
17  defendants FLORES and MOORE misappropriated.

18       p.    Defendants FLORES and MOORE would cause the filing of
19  false creditor's claims against the Victim's estate through the mail,
20  in which they would claim to be jointly entitled to the Beach House
21  and one-third of the Victim's $60-million estate.

22  3.    Through this fraudulent scheme, defendants FLORES and MOORE
23  would fraudulently transfer at least $3 million to themselves and
24  attempt to fraudulently cause in excess of $20 million to be
25  transferred to themselves.

26  C.    OVERT ACTS

27  4.    On or about the following dates, in furtherance of the
28  conspiracy and to accomplish its objects, defendants FLORES and

MOORE, and others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California, and elsewhere:

Overt Act No. 1:   On June 23, 2017, defendants FLORES and MOORE met the Victim at an ice cream shop in Venice, California, and shortly thereafter took the Victim's Tesla on a road trip to Northern California.

Overt Act No. 2:   On June 30, 2017, defendant FLORES sent the Victim a text message and offered defendants FLORES's and MOORE's assistance with the Victim's life, stating, "If this helps you in any way, or if there is anything we can do for you, we will be happy to assist you. . . . Our desire is to add ease and flow to your life and be of great service.   Sincerely, your new friends: Anton&Anna."

Overt Act No. 3:   On June 30, 2017, defendants FLORES and MOORE moved into the Victim's Beach House, for free, under the pretenses of being the Victim's caregivers and friends.

Overt Act No. 4:   On July 8, 2017, while the Victim was hospitalized, defendant FLORES sent a text message to the Victim's mother, stating that defendants FLORES and MOORE "have [the Victim's] best interest in mind and want all beings on Planet Earth to be free and happy . . . . [W]e may be the best friends [the Victim] has right now . . . . Have a wonderful evening and remember sometimes our prayers come true."

Overt Act No. 5:   On July 12, 2017, defendants FLORES and MOORE helped the Victim with his release from the hospital.

Overt Act No. 6:   On July 21, 2017, defendant FLORES sent the Victim a text message, stating, "Try and stay out of the hospital.

1   If you get locked up give me a call and I'll come get you.  Best
2   friends forever.  Sincerely, Anton&Anna."

3       Overt Act No. 7:    On August 9, 2017, defendant FLORES told the
4   Victim's mother that the Victim had disappeared, and defendant FLORES
5   offered to look for the Victim in exchange for payment.

6       Overt Act No. 8:    On August 11, 2017, defendant FLORES mailed
7   the Victim's mother a letter and requested reimbursement of $4,687.72
8   in expenses and time that defendants FLORES and MOORE spent on the
9   Victim, and defendant FLORES told her that defendants FLORES and
10  MOORE would take care of the Victim.

11      Overt Act No. 9:    On August 12, 2017, defendant FLORES visited
12  the Victim while the Victim was detained at the Twin Towers
13  Correctional Facility.

14      Overt Act No. 10:    On September 6, 2017, defendant FLORES told
15  the Victim that the Victim's mother was attempting to get a power of
16  attorney and conservatorship over the Victim to take control of the
17  Victim's assets, adding that defendant FLORES was trying to stop her.

18      Overt Act No. 11:    On September 8, 2017, defendant FLORES
19  raised the idea of a "very limited" power of attorney with the Victim
20  so that defendant FLORES could manage the Victim's affairs and post
21  bail for the Victim, adding that defendant FLORES would "get rid" of
22  the power of attorney "as soon as" the Victim was released from
23  custody.

24      Overt Act No. 12:    On September 8, 2017, defendant FLORES told
25  the Victim that he loved him and that he had no interest in the
26  Victim's money.

27      Overt Act No. 13:    On September 9, 2017, defendant FLORES
28  fraudulently induced the Victim to sign a power of attorney.

Overt Act No. 14:   On September 10, 2017, defendant FLORES texted an acquaintance, stating, "PS . . . I got [p]ower of attorney for the beach house," and the acquaintance responded, "Boom."

Overt Act No. 15:   On September 12, 2017, defendant FLORES fraudulently induced the Victim to sign a second, expanded, power of attorney.

Overt Act No. 16:   On September 14, 2017, defendant FLORES provided one of the powers of attorney to Fidelity Investments to access the Victim's Fidelity Investments accounts.

Overt Act No. 17:   On September 17, 2017, defendant FLORES posted bail for the Victim, and defendant FLORES arranged to pick up the Victim from the Twin Towers Correctional Facility upon his release.

Overt Act No. 18:   On September 20, 2017, in response to a question from the Victim regarding the Victim's laptop, defendant FLORES sent the Victim a text message, stating, "I have your MacBook. . . . I would like to keep the MacBook to process your bill payments, insurance claims and critical mail correspondence for bail and other legal matters.  Of course by your request and permission.  It is my intention to be a valuable Friend and Executive for [the Victim's] Estate."

Overt Act No. 19:   On September 23, 2017, defendant FLORES sent a text message to an acquaintance, stating, "Things are going well with my friend/client [the Victim] he continues to share more trust and confidence with me.  I feel like this could possibly be a long term business relationship between us."

Overt Act No. 20:   On September 25, 2017, defendant FLORES caused the opening of the Chase POA checking account ending in 9607.

10

<u>Overt Act No. 21:</u>   On September 25, 2017, defendant FLORES prevented a Los Angeles County Department of Mental Health worker from contacting the Victim for a welfare check.

<u>Overt Act No. 22:</u>   On September 26, 2017, defendant FLORES caused a $100,000 transfer from the Victim's Fidelity account to be deposited into the Chase POA checking account ending in 9607.

<u>Overt Act No. 23:</u>   On September 27, 2017, defendant FLORES opened defendant FLORES's personal Chase checking account ending in 2035.

<u>Overt Act No. 24:</u>   On September 30, 2017, defendant FLORES texted an acquaintance and described his relationship with the Victim, stating, "I am his Power of Attorney and Executive Life Assistant.  My goal is to integrate him into love and light.  He is a potential investor for all of my contacts."

<u>Overt Act No. 25:</u>   On October 2, 2017, defendant FLORES provided a power of attorney document to a ketamine clinic for the Victim's ketamine infusion and listed himself on the Victim's medical forms as having power of attorney for the Victim and as a person to receive the Victim's medical information.

<u>Overt Act No. 26:</u>   On October 4, 6, 10, and 11, 2017, defendants FLORES and MOORE caused the Victim's transportation to a ketamine clinic for ketamine infusions.

<u>Overt Act No. 27:</u>   On October 11, 2017, defendant FLORES called Interactive Brokers to request a new security card and password for the Victim's Interactive Brokers account.

<u>Overt Act No. 28:</u>   On October 12, 2017, defendant FLORES called Protective Life Insurance to request the full cash surrender value of a life insurance policy in the Victim's name worth $446,872.23.

<u>Overt Act No. 29:</u>   On October 13, 2017, defendant FLORES called Interactive Brokers about the Victim's account, identified himself as the Victim's "personal assistant" and "power of attorney," and attempted to initiate a $1-million withdrawal from the Victim's Interactive Brokers account to the Chase POA checking account ending in 9607.

<u>Overt Act No. 30:</u>   On October 13, 2017, defendant FLORES completed a request form for the full cash surrender value of the Victim's Protective Life Insurance policy, and he signed the form as a "disinterested party" witness to the Victim's signature.

<u>Overt Act No. 31:</u>   On October 14, 2017, defendants FLORES and MOORE hired Individual A to be an administrative assistant for defendants FLORES and MOORE and the Victim, whom they referred to as their client.

<u>Overt Act No. 32:</u>   On October 16, 2017, defendant FLORES initiated a $50,000 transfer from the Victim's Interactive Brokers account to the Chase POA checking account ending in 9607.

<u>Overt Act No. 33:</u>   On November 1, 2017, defendant FLORES prevented a Los Angeles County Department of Mental Health worker from contacting the Victim for a welfare check.

<u>Overt Act No. 34:</u>   On November 9, 2017, defendant FLORES caused the opening of Chase POA checking account ending in 4782 and the Chase POA savings account ending in 0922.

<u>Overt Act No. 35:</u>   On November 9, 2017, defendant FLORES withdrew $104,761.89 from the Chase POA checking account ending in 9607 by writing the Victim's name on the withdrawal slip and signing defendant FLORES's signature.

Overt Act No. 36:   On November 14, 2017, defendant FLORES signed a medical consent form for the Victim and represented that he was the "guardian" of the Victim.

Overt Act No. 37:   On November 16, 2017, defendant FLORES caused the deposit of $446,872.23 from the surrender of the Victim's Protective Life Insurance policy to be deposited into the Chase POA checking account ending in 4782.

Overt Act No. 38:   On November 23, 2017, defendant FLORES texted an individual attempting to contact the Victim, stating, "Before [the Victim] takes any meetings or calls I would like to discus [sic] the nature of your business. . . . At this time all meetings are being scheduled and coordinated by my team."

Overt Act No. 39:   On December 4, 2017, defendants FLORES and MOORE caused $1,000 to be transferred from the Chase POA checking account ending in 4782 to defendant MOORE via Zelle.

Overt Act No. 40:   On December 7 and 18, 2017, defendants FLORES and MOORE caused Individual A to be paid $660.01 and $519.59, respectively, from the Chase POA checking account ending in 4782.

Overt Act No. 41:   On December 14, 2017, defendant FLORES told a conservatorship attorney hired by the Victim's mother to pursue a conservatorship for the Victim that defendant FLORES was in "complete control" of the Victim's affairs.

Overt Act No. 42:   On December 21, 2017, defendant FLORES withdrew $10,000 in cash from the Chase POA checking account ending in 4782.

Overt Act No. 43:   On January 14, 2018, defendant FLORES sent a text message to the Victim's mother, stating that defendant FLORES was "always informed on all matters" regarding the Victim.

13

Overt Act No. 44:    On January 20, 2018, defendant FLORES signed medical documents for the Victim and represented that he was the "guardian or conservator of an incompetent person."

Overt Act No. 45:    On February 6, 2018, defendant FLORES wrote a check for $10,215.06 on the Chase POA checking account ending in 4782 to rent office space for defendants FLORES's and MOORE's use.

Overt Act No. 46:    On February 14, 2018, defendants FLORES and MOORE hired Individual B as an administrative assistant for their business.

Overt Act No. 47:    On February 28, 2018, defendants FLORES and MOORE caused the payment of $1,989.86 to Individual B from the Chase POA checking account ending in 4782 via Zelle.

Overt Act No. 48:    On February 28, 2018, defendant FLORES sent an email to the Victim's psychiatrist and represented himself "as [the Victim]'s care taker and friend."

Overt Act No. 49:    On February 28, 2018, defendant FLORES withdrew $10,000 in cash from the Chase POA checking account ending in 4782.

Overt Act No. 50:    On March 8, 2018, defendant FLORES listed himself as having the Victim's durable power of attorney on a patient information sheet for the Victim, and told the Victim's psychologist not to discuss billing or money issues in front of the Victim.

Overt Act No. 51:    On March 14, 2018, defendants FLORES and MOORE caused the payment of $2,150 to Individual B from the Chase POA checking account ending in 4782 via Zelle.

Overt Act No. 52:    On March 15, 2018, defendant FLORES texted the Victim's mother and stated, "I would NOT send [the Victim] messages . . . . [L]et me continue to bridge the gap . . . . [Y]ou

14

1  are in my thoughts and prayers.  Your messages make [the Victim] feel
2  ashamed and embarrassed.  Please trust me on this.  Your text[s] make
3  things worse. . . .  I have given you clear instructions how to best
4  serve your sons wishes. . . .  [S]ilence is golden.  I will keep you
5  informed.  Please trust that this is best for [the Victim] and rest
6  your worries at gods feet.  [The Victim] is getting better!"

7    Overt Act No. 53:   On March 30, 2018, defendant FLORES wrote
8  the Victim a letter requesting a $1-million cash infusion to FLORES's
9  "operating account," stating, "I wholeheartedly see the light in you
10  and have chosen to devote my life to be of great service to you, even
11  putting aside my career as an artist and duties as a CEO of my
12  businesses."

13    Overt Act No. 54:   On April 3, 2018, defendant MOORE texted
14  defendant FLORES, stating, "I require an assistant who is available
15  Monday through Friday from 8am to 5pm, dedicated entirely to my
16  projects, and unavailable to work on any projects other than those
17  assigned by me," and further stated that she was focusing on her
18  "dreams of being a performing artist."

19    Overt Act No. 55:   On April 5, 2018, defendant FLORES
20  transferred $100,000 from the Chase POA checking account ending in
21  4782 to defendant FLORES's personal Chase checking account ending in
22  2035.

23    Overt Act No. 56:   On May 13, 2018, defendants FLORES and MOORE
24  arranged to consume LSD with the Victim.

25    Overt Act No. 57:   On May 21, 2018, defendant FLORES told the
26  Victim's psychologist that he was worried that the Victim's mania was
27  returning.

28

1      Overt Act No. 58:   On May 23, 2018, defendant FLORES

2   administered LSD to the Victim.

3      Overt Act No. 59:   On May 23, 2018, defendant FLORES caused the

4   changing of the two-step authentication feature on the Victim's

5   Interactive Brokers account.

6      Overt Act No. 60:   On May 23, 2018, defendant FLORES initiated

7   a $1-million withdrawal from the Victim's Interactive Brokers account

8   to the Chase POA checking account ending in 4782.

9      Overt Act No. 61:   On May 23, 2018, defendant FLORES initiated

10  a second $1-million withdrawal from the Victim's Interactive Brokers

11  account to the Chase POA checking account ending in 4782.

12     Overt Act No. 62:   On May 23, 2018, defendant FLORES directed

13  Individual B to call Interactive Brokers and impersonate the Victim

14  to confirm that defendant FLORES's cell phone number was listed as

15  the contact number on the Victim's account and to check the status of

16  a recently submitted $1-million withdrawal.

17     Overt Act No. 63:   On May 23, 2018, defendant FLORES caused the

18  transfer of the entire balance of $314,065.20 from the Chase POA

19  savings account ending in 0922 to defendant FLORES's personal Chase

20  checking account ending in 2035.

21     Overt Act No. 64:   On May 24, 2018, defendants FLORES and MOORE

22  caused the Victim to receive a ketamine infusion without informing

23  the providers about the Victim's recent ingestion of LSD.

24     Overt Act No. 65:   On May 24, 2018, defendant FLORES caused the

25  transfer of $350,000 and $1,012,114.12 from the Chase POA account

26  ending in 4782 to defendant FLORES's personal Chase checking account

27  ending in 2035.

28

Overt Act No. 66:   On May 24, 2018, defendant MOORE texted defendant FLORES, stating, "You already told me the plan for when [the Victim] goes manic and evicts us."

Overt Act No. 67:   On May 24, 2018, defendant FLORES responded, "I got a plan" and "that's a good thing."

Overt Act No. 68:   On May 25, 2018, defendants FLORES and MOORE moved out of the Beach House and checked into a nearby hotel after the Victim ordered defendants FLORES and MOORE to leave the Beach House.

Overt Act No. 69:   On May 26, 2018, defendants FLORES and MOORE monitored the Victim's deteriorating mental condition through video cameras installed at the Beach House.

Overt Act No. 70:   On May 27, 2018, defendants FLORES and MOORE continued to watch the Victim's worsening mental condition on the video cameras installed throughout the Beach House and told others not to worry about the Victim.

Overt Act No. 71:   On May 29, 2018, defendant FLORES told Individual A that the Victim died peacefully in his sleep at the Beach House.

Overt Act No. 72:   On May 29, 2018, defendant FLORES attempted to withdraw $500,000 in cash from the Chase POA checking account ending in 4782.

Overt Act No. 73:   On May 29, 2018, defendant FLORES made four withdrawals from the Chase POA checking account ending in 4782 in the amounts of $100,000, $100,000, $20,782, and $80,000.

Overt Act No. 74:   On June 10, 2018, defendants FLORES and MOORE hosted a memorial service for the Victim at the Beach House without inviting the Victim's family or telling them in advance.

<u>Overt Act No. 75:</u>   On June 11, 2018, defendant FLORES caused the transfer of $700,120.92 from the Chase POA checking account ending in 4782 to defendant FLORES's personal Chase checking account ending in 2035.

<u>Overt Act No. 76:</u>   In mid-June 2018, defendants FLORES and MOORE refused to turn over the Victim's financial documents to the Victim's family.

<u>Overt Act No. 77:</u>   In mid-June 2018, defendants FLORES and MOORE removed records from the Victim's Beach House.

<u>Overt Act No. 78:</u>   On November 16, 2018, defendant FLORES sent a text message to defendant MOORE, stating, "Free and clear Verbal promise House and 1/3 Immediately release hold on our funds Individual thoughts regarding these xyz topics."

<u>Overt Act No. 79:</u>   On January 2, 2019, defendants FLORES and MOORE drafted a document that read, "Does it make sense to propose that Flores provided so much value to [the Victim] on a business/social/public relations front . . . that [the Victim] wanted Flores to benefit through receiving 1/3 of [the Victim]'s estate and beach house," and further, "Also can they prove [the Victim] was unaware that FLORES was using the 9301 card to make purchases, as in that [the Victim] was unaware of what purchases were being made and what the balances in his accounts were?"

<u>Overt Act No. 80:</u>   On January 16, 2019, defendants FLORES and MOORE filed false creditor's claims against the Victim's estate by causing them to be mailed, in which they claimed that the Victim promised them the Beach House and one-third of his estate.

<u>Overt Act No. 81:</u>   On October 17, 2019, defendant FLORES requested that the Victim's estate honor what defendant FLORES

1  claimed were the Victim's wishes and give defendants FLORES and MOORE

2  the Beach House and one-third of the Victim's estate.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TWO

[18 U.S.C. §§ 1028A(a)(1), 2(b)]

Between on or about June 23, 2017 and continuing through on or about January 16, 2019 in Los Angeles County, within the Central District of California, and elsewhere, defendants ANTHONY DAVID FLORES, also known as "Anton David" ("FLORES"), and ANNA RENE MOORE knowingly transferred, possessed, and used, without lawful authority, and willfully caused another person to knowingly transfer, possess, and use, without lawful authority, means of identification that defendants FLORES and MOORE knew belonged to another person, during and in relation to the offense of conspiracy to commit wire fraud and mail fraud, a felony violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment.

COUNTS THREE AND FOUR

[18 U.S.C. § 1343]

A.   INTRODUCTORY ALLEGATIONS

1.   The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 13 of the Introductory Allegations and Definitions of this Indictment as though fully set forth herein.

B.   THE SCHEME TO DEFRAUD

2.   Beginning on an unknown date but no later than June 23, 2017, and continuing through on or about the date of this Indictment, in Los Angeles County, within the Central District of California, and elsewhere, defendants ANTHONY DAVID FLORES, also known as "Anton David" ("FLORES"), and ANNA RENE MOORE ("MOORE") knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud the Victim as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.  The scheme operated, in substance, as set forth in paragraphs 2 through 3 of Count One of this Indictment, which are re-alleged and incorporated herein by reference as if set forth in full.

C.   USE OF WIRES

3.   On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants FLORES and MOORE, for the purpose of executing the above-described scheme to defraud, transmitted and willfully caused the transmission of the following items by means of wire communication in interstate and foreign commerce:

//

21

| COUNT | DATE | INTERSTATE WIRING |
|-------|------|-------------------|
| THREE | 5/23/2018 | Transfer of approximately $1 million at 8:51 p.m. EDT from the Victim's Interactive Brokers account, by means of interstate wires, to the Chase POA checking account ending in 4782 |
| FOUR | 5/23/2018 | Transfer of approximately $1 million at 9:13 p.m. EDT from the Victim's Interactive Brokers account, by means of interstate wires, to the Chase POA checking account ending in 4782 |

COUNTS FIVE THROUGH EIGHT

[18 U.S.C. § 1341]

A.   INTRODUCTORY ALLEGATIONS

1.   The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 13 of the Introductory Allegations and Definitions of this Indictment as though fully set forth herein.

B.   THE SCHEME TO DEFRAUD

2.   Beginning on a unknown date but no later than on June 23, 2017, and continuing through at least on or about the date of this Indictment, in Los Angeles County, within the Central District of California, and elsewhere, defendants ANTHONY DAVID FLORES, also known as "Anton David" ("FLORES"), and ANNA RENE MOORE ("MOORE") knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud the Victim and his estate as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.  The scheme operated, in substance, as set forth in paragraphs 2 through 3 of Count One of this Indictment, which are re-alleged and incorporated herein by reference as if set forth in full.

C.   USE OF THE MAILS

3.   On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants FLORES and MOORE, for the purpose of executing above-described scheme to defraud, placed and willfully caused the following items to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, according to the directions thereon:

23

| COUNT | DATE | ITEM MAILED |
|-------|------|-------------|
| FIVE | 1/16/2019 | A creditor claim filed by defendant FLORES against the Victim's estate for one-half the value of the Beach House, representing a value of approximately $1,792,241.50 |
| SIX | 1/16/2019 | A creditor claim filed by defendant MOORE against the Victim's estate for one-half the value of the Beach House, representing a value of approximately $1,792,241.50 |
| SEVEN | 1/16/2019 | A creditor claim filed by defendant FLORES against the Victim's estate for one-sixth of the Victim's estate, representing a value in excess of $10 million |
| EIGHT | 1/16/2019 | A creditor claim filed by defendant MOORE against the Victim's estate for one-sixth of the Victim's estate, representing a value in excess of $10 million |

COUNT NINE

[18 U.S.C. § 1956(h)]

A.   INTRODUCTORY ALLEGATIONS

1.   The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 13 of the Introductory Allegations and Definitions of this Indictment as though fully set forth herein.

B.   OBJECTS OF THE CONSPIRACY

2.   Beginning on a date unknown to the Grand Jury but no later than May 23, 2018, and continuing through on or about the date of this Indictment, in Los Angeles County, within the Central District of California, and elsewhere, defendants ANTHONY DAVID FLORES, also known as "Anton David" ("FLORES"), and ANNA RENE MOORE ("MOORE") knowingly combined, conspired, and agreed:

a.   to conduct, attempt to conduct, and willfully cause others to conduct and attempt to conduct financial transactions, affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, which, in fact, involved the proceeds of specified unlawful activity -- namely, conspiracy to commit wire and mail fraud, in violation of Title 18, United States Code, Section 1349, and wire fraud, in violation of Title 18, United States Code, Section 1343 -- and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b.   to knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, affecting interstate and foreign commerce, which was derived

25

1   from specified unlawful activity -- namely, conspiracy to commit wire

2   and mail fraud, in violation of Title 18, United States Code, Section

3   1349, and wire fraud, in violation of Title 18, United States Code,

4   Section 1343 -- and knowing the funds represented the proceeds of

5   some form of unlawful activity, in violation of Title 18, United

6   States Code, Section 1957.

7   C.   MANNER AND MEANS OF THE CONSPIRACY

8       The objects of the conspiracy were carried out, and to be

9   carried out, in substance, as follows:

10       a.   Defendants FLORES and MOORE would fraudulently cause

11   the transfer of funds from the Victim's Interactive Brokers account,

12   Fidelity Investments account, and other financial accounts to the

13   Chase POA checking account ending in 4782.

14       b.   Defendants FLORES and MOORE would open multiple bank

15   accounts in their own names and names of entities that they

16   controlled and then transfer funds from the Chase POA checking

17   account ending in 4782 into those accounts, knowing that the funds

18   transferred were criminally derived.

19       c.   Defendants FLORES and MOORE would make withdrawals,

20   each more than $10,000, from bank accounts they each controlled

21   individually and jointly, knowing that the funds used were criminally

22   derived.

23       d.   Defendants FLORES and MOORE would open these multiple

24   bank accounts and make these withdrawals from funds originating from

25   the Victim to conceal their source and prevent the Victim and

26   Victim's estate from recovering those funds.

27   //

28   //

D.   OVERT ACTS

3.   On or about the following dates, in furtherance of the conspiracy, and to accomplish its objects, defendants FLORES and MOORE committed and willfully caused others to commit the following overt acts, among others, in the Central District of California, and elsewhere:

Overt Act No. 1:   On May 23, 2018, defendant FLORES caused the transfer of the balance of $314,065.20 from the Chase POA savings account ending in 0922 to defendant FLORES's personal Chase checking account ending in 2035.

Overt Act No. 2:   On May 24, 2018, defendant FLORES caused the transfer of $350,000 and $1,012,114.12 from the Chase POA checking account ending in 4782 to defendant FLORES's personal Chase checking account ending in 2035.

Overt Act No. 3:   On May 29, 2018, defendant FLORES attempted to withdraw $500,000 in cash from the Chase POA checking account ending in 4782.

Overt Act No. 4:   On May 29, 2018, defendant FLORES made four withdrawals from the Chase POA checking account ending in 4782 in the amounts of $100,000, $100,000, $20,782, and $80,000.

Overt Act No. 5:   On June 29, 2018, defendants FLORES and MOORE opened the Joint Chase savings account ending in 1620.

Overt Act No. 6:   On June 30, 2018, defendants FLORES and MOORE caused the transfer of $2 million from defendant FLORES's personal Chase checking account ending in 2035 to the Joint Chase savings account ending in 1620.

Overt Act No. 7:   On July 17, 2018, defendants FLORES and MOORE opened a new joint Chase savings account ending in 6109.

Overt Act No. 8:    On July 18, 2018, defendant FLORES transferred $499,687.86 from defendant FLORES's personal Chase checking account ending in 2035 to the Joint Chase savings account ending in 6109.

Overt Act No. 9:    On September 4, 2018, defendants FLORES and MOORE opened the Vanguard investment account ending in 5065.

Overt Act No. 10:    On September 4, 2018, defendants FLORES and MOORE transferred $2.3 million from the Joint Chase savings account ending in 1620 to the Vanguard investment account ending in 5065.

Overt Act No. 11:    On September 5, 2018, defendant FLORES sent a text message to defendant MOORE, stating, "Chase Withdraw all funds.  Close all accounts except for 1.  3609???  money acccount[sic].  Go to Citi bank Open Anthony Flores personal account. Deposit 50% into Anna Moors Deposit 50% into Anthony Flores new account.  Close all chase Use ADF for all expenses."

Overt Act No. 12:    On September 5, 2018, defendant MOORE sent a text message to defendant FLORES, stating, "I was able to start the vanguard acct and that has been fully funded.  With your name on it."

Overt Act No. 13:    On September 6, 2018, defendant FLORES caused the incorporation of Trident Solutions, a limited liability company in South Dakota.

Overt Act No. 14:    On November 15, 2018, defendant MOORE sent defendant FLORES a text message, stating, "They are giving me trouble at this branch.  They said going bank to bank is a red flag . . . . Stick with Mercedes sprinter as reason.  Stay calm.  Speak slowly. Do not get agitated.  We can always go back tomorrow.  These accts are not frozen."

<u>Overt Act No. 15:</u> On January 10, 2019, defendants FLORES and MOORE opened six bank accounts at First Premier Bank in South Dakota, depositing $20,000 cash into one of the bank accounts.

<u>Overt Act No. 16:</u> On January 10, 2019, defendant MOORE told an employee of First Premier Bank that she and defendant FLORES were relocating to South Dakota to be closer to defendant MOORE's grandmother.

COUNTS TEN AND ELEVEN

[18 U.S.C. §§ 1956(a)(1)(B)(i), 2(b)]

The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 13 of the Introductory Allegations and Definition of this Indictment as though fully set forth herein.

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants ANTHONY DAVID FLORES, also known as "Anton David" ("FLORES"), and ANNA RENE MOORE ("MOORE") knowingly conducted and willfully caused others to conduct the following financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, which, in fact, involved the proceeds of specified unlawful activity, namely, conspiracy to commit wire and mail fraud, in violation of Title 18, United States Code, Section 1349, and wire fraud, in violation of Title 18, United States Code, Section 1343, and knowing that each transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds:

| COUNT | DATE | TRANSFER |
|---|---|---|
| TEN | 6/30/2019 | Transfer of approximately $2 million from defendant FLORES's personal Chase checking account ending in 2035 to the Joint Chase savings account ending in 1620 |
| ELEVEN | 7/18/2019 | Transfer of approximately $499,687.86 from defendant FLORES's personal Chase checking account ending in 2035 to the Joint Chase savings account ending in 6109 |

COUNT TWELVE

[18 U.S.C. §§ 1957(a)]

The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 13 of the Introductory Allegations and Definition of this Indictment as though fully set forth herein.

On or about September 4, 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendants ANTHONY DAVID FLORES, also known as "Anton David", and ANNA RENE MOORE knowingly engaged in a monetary transaction in criminally derived property of a value greater than $10,000 by making a transfer of approximately $2.3 million from the Joint Chase savings account ending in 1620 to the Vanguard investment account ending in 5065, the property involved in the monetary transaction having been derived from specified unlawful activity, namely, conspiracy to commit wire and mail fraud, in violation of Title 18, United States Code, Section 1349, and wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the funds involved in the monetary transaction represented the proceeds of some form of unlawful activity.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendants' conviction of the offense set forth in either Counts One through Eight of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of any defendant's conviction of the offenses set forth in any of Counts Nine through Twelve of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), any defendant so convicted shall forfeit substitute property, if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.  Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

1  course of the money laundering offense unless the defendant, in

2  committing the offense or offenses giving rise to the forfeiture,

3  conducted three or more separate transactions involving a total of

4  $100,000.00 or more in any twelve-month period.

5

6

7                                          A TRUE BILL

8

9                                      _____/S/_____
                                          Foreperson

10

11  E. MARTIN ESTRADA
    United States Attorney

12

13

14  ANNAMARTINE SALICK
    Assistant United States Attorney

15  Chief, National Security Division

16  CAMERON L. SCHROEDER
    Assistant United States Attorney

17  Chief, Cyber & Intellectual
      Property Crimes Section

18  KHALDOUN SHOBAKI
    Assistant United States Attorney

19  Deputy Chief, Cyber &
      Intellectual Property Crimes

20    Section

21  ANDREW M. ROACH
    Assistant United States Attorneys

22  Cyber & Intellectual Property
      Crimes Section

23

24

25

26

27

28

                          34

```
PAGE 01  03/14/22  14:57:20 FP29 PRINT REQUESTED BY TERMINAL FB29
TO: FB29  FROM: CLETS              03/14/22  14:56:22
4BSRDFB29W.IN

DATE: 03/14/22 TIME: 14:56
MATCHED ON: *L/N*F/N
000077 RECORDS MATCH CRITERIA
ANI END

* * * * * * *
TO: FB29  FROM: CLETS              03/14/22  14:56:22
4BSRDFB29W.IN

DATE:03-14-22*TIME:14:56*

MATCHED ON:*L/N*F/N* BD

DMV RECORD FOR LAW ENFORCEMENT USE ONLY

DL/NO:D1874006*B/D:09-30-1983*NAME:MOORE ANNA RENE*
MAIL ADDR AS OF 10-26-21:2351 CAMDEN AVE LOS ANGELES 90064*
OTH/ADDR AS OF 01-28-21:1612 FULTON ST UNIT 103 FRESNO *

IDENTIFYING INFORMATION:

SEX:FEMALE*HAIR:BLOND*EYES:BLU*HT:5-05*WT:107*

LIC/ISS:12-13-17*EXPIRES:09-30-22*RBM1*CLASS:C NON-COMMERCIAL*
ENDORSEMENTS:NONE*
ORIGINAL DL ISSUE DATE:08-21-00*

LATEST APP:


DL TYPE:CORRECTION*ISS/DATE: 02-12-19*OFFICE: CLC*BATES:LIS*



LICENSE STATUS:
  VALID*

DEPARTMENTAL ACTIONS:

NONE

CONVICTIONS:
NONE

FAILURES TO APPEAR:
NONE

ACCIDENTS:
NONE

END

* * * * * * *
TO: FB29  FROM: CLETS              03/14/22  14:56:23
4BSRDFB29W.IY
```

RE: QYP.CAFBILA00.NAM/MOORE,ANNA.DOB/19830930
RESPONSE TO QYP INQUIRY

DATA IN APPS.
****************** NO HITS FOUND ******************

END APPS RESPONSE.

*** NOTICE: A 'NO HITS' RESPONSE IN APPS INDICATES THE SUBJECT
    IS NOT CURRENTLY LISTED IN THE DATABASE.  THE SUBJECT MAY BE
    PROHIBITED AND/OR MAY BE IN POSSESSION OF FIREARMS.

*******
TO: FB29  FROM: CLETS            03/14/22  14:56:23
4BSRDFB29W.IH
          R. INQUIRY SUCCESSFUL

*******
TO: FB29  FROM: NCIC             03/14/22  14:56:23
4BSRDFB29W.IJ
CAFBILA00

NO NCIC WANT NAM/MOORE,ANNA DOB/19830930 SEX/F
***MESSAGE KEY QWA SEARCHES ALL NCIC PERSONS FILES WITHOUT LIMITATIONS.

*******
TO: FB29  FROM: CLETS            03/14/22  14:56:23
4BSRDFB29W.IH
RE:QHA.CAFBILA00.NAM/MOORE, ANNA.      DATE:20220314 TIME:14:56:22
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR/CERTIFICATION PURPOSES
ATTN:SOS CHAVEZ-SA SULLIVAN

RECORD #              NAM              DOB     S R HGT EYE HAI TYP
A26235268 MOORE,ANNA KATE             19810205 F X 504 HAZ BLN APP
A22167196 MOORE,ANNA M                19820712 F X 600 HAZ BRO APP
A32818716 MOORE,ANNA E                19841119 F X 510 BRO BRO APP
A28904528 MOORE,ANNA JANE             19860919 F X 503 BRO BRO APP
A22572744 MOORE,ANNA LISA             19800415 F W 506 HAZ BRO
A31310586 MOORE,ANN                   19850810 F W 508 GRN BRO

   *   *   *   *   *   *   END OF MESSAGE   *   *   *   *   *   *   *

*******
TO: FB29  FROM: CLETS            03/14/22  14:56:23
4BSRDFB29W.IX
CAFBILA00 RE: QSA.CAFBILA00.MOORE,ANNA.F.DOB/19830930
NAME FIELD SEARCH REVEALS:
** NO HITS ON SEX/ARSON REGISTRATION **
****************** END OF CSAR MESSAGE ******************

*******
TO: FB29  FROM: NCIC             03/14/22  14:56:23
4BSRDFB29W.IJ
CAFBILA00
NO IDENTIFIABLE RECORD IN THE NCIC INTERSTATE IDENTIFICATION INDEX (III)
FOR NAM/MOORE,ANNA.SEX/F.RAC/U
.DOB/19830930.PUR/C.
ATN/SOS CHAVEZ-SA SULLIVAN.
END

```
* * * * * *
TO: FB29  FROM: CLETS            03/14/22  14:56:23
4BSRDFB29W.IB
8AYX.CAFBILA00
RE: QRR.CAFBILA00.NAM/MOORE,ANNA.SEX/F.DOB/19830930
MATCH MADE ON
NAM/MOORE,ANNA
NAME FIELD SEARCH REVEALS:


CARPOS HIT # 001

HIT MADE ON
NAM/MORA,ANNETTE
FCN/F082201800360
ORI/CA030023J
OCA/22V000108
NIC/H605931860
*** SERVED TEMPORARY DOMESTIC VIOLENCE ORDER ***
*DO NOT ARREST OR DETAIN BASED SOLELY ON THIS RESPONSE*
THIS RESTRAINING ORDER RESPONSE MAY BE THE SAME AS:
* * * * * RESTRAINED PERSON INFORMATION * * * * *
NAM/CAMACHO,OZZY DOB/19990731
SEX/M RAC/H HGT/509 WGT/180 EYE/BRO HAI/XXX
SCRS/MKS/TT/TAT R KNEE  TAT L KNEE  SC L LEG
SOC/606159849
MIS/RP IS PPS SON-CONDCT AND STY AWY ORDRS APPLY TO ADDL PPS-PP CAN
RECORD COMMUNICATIONS MADE BY RP THAT VIOLATE THE JUDGES ORDERS-MUST
NOT HARASS, ASSAULT, HIT, STALK, DSTROY PRSNL PRPRTY, KEEP UNDR
SURVEILLANCE, BLOCK MOVEMNTS OR DISTURB THE PEACE OF THE PP, COERCIVE
CONTROL-SEE ORDR FOR MORE-RP HAS TAT UNDER BOTH KNEES
* * * * * PROTECTED PERSON INFORMATION * * * * *

PROTECTED PERSON NAME/MORA,ANNETTE
PROTECTED PERSON SEX/F PROTECTED PERSON RACE/H
PROTECTED PERSON DOB/19810215
ADDTL PROTECTED PERSON 1/CAMACHO,ALISES.M.H.20020111.
ADDTL PROTECTED PERSON 2/VILLA,KAYLANI.F.H.20201217.


* * * * * COURT INFORMATION * * * * *
RESTRAINED PERSON PRESENT IN COURT/NO
COURT NAME/ORANGE COUNTY SUPERIOR (LAMOREAUX/ORANGE)
COURT PHONE NUMBER/(657) 622-5509
COURT CASE NUMBER/22V000108
ISSUE DATE/20220114 EXPIRATION DATE/20220322
CONTACT PROTECTED PERSON/NO - THE RESTRAINED PERSON MUST NOT CONTACT
THE PROTECTED PERSON(S) DIRECTLY OR INDIRECTLY, BY ANY MEANS INCLUDING
TELEPHONE, MAIL, EMAIL, OR OTHER ELECTRONIC MEANS - PEACEFUL WRITTEN
CONTACT THROUGH 3RD PARTY FOR SERVICE OF LEGAL PAPERS ALLOWED

THE RESTRAINED PERSON MUST NOT TAKE ANY ACTION TO LOOK FOR THE
PROTECTED PERSON(S) INCLUDING ADDRESSES OR LOCATIONS

FIREARM PROVISIONS/CANNOT POSSESS, PURCHASE, OR RECEIVE FIREARMS OR
AMMO, MUST SURRENDER ALL FIREARMS TO LEA OR SELL OR STORE WITH LICENSED
GUN DEALER, MUST SHOW PROOF OF SURRENDER TO COURT

STAY AWAY FROM/RESIDENCE,PROTECTED PERSON,WORK PLACE,
CHILDS SCHOOL-DAY CARE,PROTECTED PERSONS VEHICLE
STAY AWAY/0100 YARDS
* * * * * SERVICE INFORMATION * * * * *
```

SERVED DATE/20220122 TIME/0815
SERVED BY/OFFICER,COTTER/850
AGENCY/ANAHEIM POLICE DEPARTMENT
SERVING AGENCY CASE NUMBER/2211263
PROOF OF SERVICE MIS/TTY AC
IMMEDIATELY CONFIRM WITH CA030023J ORANGE CO CENT. COURT OCS0
TELEPHONE 714 834-6458
********* VIOLATION MESSAGE *********
NUMBER OF PRIOR VIOLATION MSG/000
********* END OF CARPOS MESSAGE *********


*******
TO: FB29  FROM: CLETS                  03/14/22  14:56:24
4BSRDFB29W.IW
CAFBILA00  RE: QW.CAFBILA00.NAM/MOORE,ANNA.SE
MATCH MADE ON NAM/MORA,ANA
NAME FIELD SEARCH REVEALS:

WPS HIT # 001
HIT MADE ON AKA/MORA,ANA
ORI/CA0360045 FCN/436181717000650
**MISDEMEANOR WARRANT: DO NOT ARREST/BOOK BASED ON THIS WARRANT**
NAM/MORA CHAVEZ,ANA LAURA    19820126 F H 502 150 XXX BRO
DOW/20180426 WNO/MWV18006560 TOW/MISD ENT/4
OFF/3599 DANGEROUS DRUG
BAIL/5,000
MIS/L LEG L R RT LEG
AKA/MORA,ANA LAURA               CHAVEZ,ANA LAURA
    MORACHAVEZ,ANA LAURA          MORA,ANA
OLG/X4813167.CA.2018/Y3949516.CA.2018
SUBJECT MAY BE SAME AS  CII/A27792918 FBI/513648NC6
NOA/N EXL/D NO EXTRADITION - IN-STATE PICK UP ONLY. SEE MIS FIELD FOR
LIMITS
IMMEDIATELY CONFIRM WITH CA0360045 SAN BERDO SO-WARRANT SEC MNE/SBO0
TELEPHONE 909 387-3690


YOUR RECORD IS ASSOCIATED WITH:

ASSOCIATION MADE BY CII
ORI/CA0191300 FCN/2451913301310
NAM/MORACHAVEZ,ANA LAURA    19820126 F H 506 160 BRO BRO
DOW/20180314 WNO/POM8PC0109301 TOW/MISD ENT/1
OFF/3599 DANGEROUS DRUG
BAIL/20,000
OCA/1703275 MIS/TAT L LEG L AND R
OLG/Y3949516.CA.2019
SUBJECT MAY BE SAME AS  CII/A27792918 FBI/513648NC6
NOA/N
IMMEDIATELY CONFIRM WITH CA0191300 CLAREMONT PD MNE/CLA0
TELEPHONE 909 399-5411


ASSOCIATION MADE BY CII
ORI/CA0360045 FCN/4361735600715
**MISDEMEANOR WARRANT: DO NOT ARREST/BOOK BASED ON THIS WARRANT**
NAM/MORA,ANA LAURA    19820126 F H 502 160 BRO BRO
DOW/20171220 WNO/MWV1701675X TOW/MISD ENT/4
OFF/5499 TRAFFIC TRAFFIC
BAIL/65,000

```
MIS/L LEG L R RT LEG
OLG/X4813167.CA.2017
AKA/CHAVEZ,ANA LAURA              MORA CHAVEZ,ANA LAURA
     MORACHAVEZ,ANA LAURA         MORA,ANA
SUBJECT MAY BE SAME AS  CII/A27792918 FBI/513648NC6
NOA/N EXL/D NO EXTRADITION - IN-STATE PICK UP ONLY. SEE MIS FIELD FOR
LIMITS
IMMEDIATELY CONFIRM WITH CA0360045 SAN BERDO SO-WARRANT SEC MNE/SBO0
TELEPHONE 909 387-3690


ASSOCIATION MADE BY CII
ORI/CA0360045 FCN/4361735600717
**MISDEMEANOR WARRANT: DO NOT ARREST/BOOK BASED ON THIS WARRANT**
NAM/MORA,ANA LAURA       19820126 F H 502 160 BRO BRO
DOW/20171220 WNO/MWV17012851 TOW/MISD ENT/4
OFF/5499 TRAFFIC TRAFFIC
BAIL/35,000
MIS/L LEG L R RT LEG
OLG/X4813167.CA.2017
AKA/CHAVEZ,ANA LAURA              MORA CHAVEZ,ANA LAURA
     MORACHAVEZ,ANA LAURA         MORA,ANA
SUBJECT MAY BE SAME AS  CII/A27792918 FBI/513648NC6
NOA/N EXL/D NO EXTRADITION - IN-STATE PICK UP ONLY. SEE MIS FIELD FOR
LIMITS
IMMEDIATELY CONFIRM WITH CA0360045 SAN BERDO SO-WARRANT SEC MNE/SBO0
TELEPHONE 909 387-3690


ASSOCIATION MADE BY CII
ORI/CA0360045 FCN/4361734900806
**MISDEMEANOR WARRANT: DO NOT ARREST/BOOK BASED ON THIS WARRANT**
NAM/MORA,ANA LAURA       19820126 F H 502 160 BRO BRO
DOW/20171214 WNO/MWV17027489 TOW/MISD ENT/4
OFF/3599 DANGEROUS DRUG DRUGS
BAIL/25,000
MIS/L LEG L R RT LEG
OLG/X4813167.CA.2017
AKA/CHAVEZ,ANA LAURA              MORA CHAVEZ,ANA LAURA
     MORACHAVEZ,ANA LAURA         MORA,ANA
SUBJECT MAY BE SAME AS  CII/A27792918 FBI/513648NC6
NOA/N EXL/D NO EXTRADITION - IN-STATE PICK UP ONLY. SEE MIS FIELD FOR
LIMITS
IMMEDIATELY CONFIRM WITH CA0360045 SAN BERDO SO-WARRANT SEC MNE/SBO0
TELEPHONE 909 387-3690

********* END OF WPS MESSAGE *********

*******
TO: FB29  FROM: CLETS              03/14/22  14:56:24
4BSRDFB29W.IR
CAFBILA00  RE: QVC.CAFBILA00.NAM/MOORE,ANNA.SEX/F.DOB/19830930
NO MATCH NAM FIELD
NO SUPERVISED RELEASE RECORDS


CHECKING NCIC
********* END OF SUPERVISED RELEASE FILE MESSAGE *********

*******
TO: FB29  FROM: CLETS              03/14/22  14:56:25
```

```
4BSRDFB29W.IG
CAFBILA00 RE: QGH.CAFBILA00.NAM/MOORE, ANNA.CCC/9999.DOB/19830930


RESPONSE TO QGH INQUIRY

DATA IN AFS.

* DROS - DEALER SALE
SER/G336508 MAK/SSS SAUER, J. P., & SONS CAL/45
TYP/P PISTOL  MOD/P220ST
DOT/20060930 BBL/4-4
 *** PURCHASER INFORMATION ***
NAM/MARIA,ANNA CONNIE SANTA DOB/19820518 OLN/B9295211
ADR/80441 BURNLEY LN INDIO CA
CTY/INDIO ST/CA ZIP/92203 CCC/3300
ORI/CA0331100 - PALM SPRINGS PD OCA/T3492573
FCN/4200628000420


* DROS - DEALER SALE
SER/84156670 MAK/SR STURM, RUGER & CO CAL/17
TYP/RB RIFLE  BOLT ACTION MOD/PRECISION
DOT/20211025 BBL/18 UOM/IN COL/BLACK
 *** PURCHASER INFORMATION ***
NAM/MORRIS,ANN MARIE DOB/19830818 OLN/B9367793
ADR/231 SEABURY ST
CTY/SUISUN CITY ST/CA ZIP/94585 CCC/4800
 *** DEALER INFORMATION ***
DLR/SPORTSMAN'S WAREHOUSE 176 DID/22936
DDD/1590 GATEWAY BLVD
DCY/FAIRFIELD DST/CA DZC/94533 DCC/4800 DTN/707-389-7400
ORI/CA0480300 - FAIRFIELD PD OCA/AD2293600979500892
FCN/5592131001560


* DROS - DEALER SALE
SER/ARG018572 MAK/SPK SPIKES TACTICAL CAL/0
TYP/RI RIFLE  SEMI-AUTOMATIC MOD/ST9G
DOT/20211025 COL/BLACK
 *** PURCHASER INFORMATION ***
NAM/MORRIS,ANN MARIE DOB/19830818 OLN/B9367793
ADR/231 SEABURY ST
CTY/SUISUN CITY ST/CA ZIP/94585 CCC/4800
 *** DEALER INFORMATION ***
DLR/SPORTSMAN'S WAREHOUSE 176 DID/22936
DDD/1590 GATEWAY BLVD
DCY/FAIRFIELD DST/CA DZC/94533 DCC/4800 DTN/707-389-7400
ORI/CA0480300 - FAIRFIELD PD OCA/AD2293600979500919
MIS/FRAME ONLY
FCN/5592131001550


* DROS - DEALER SALE
SER/RR63151A MAK/REM REMNGTN ARMS CO.,INC CAL/223
TYP/RB RIFLE  BOLT ACTION MOD/700
DOT/20210716 BBL/24 UOM/IN COL/BLACK
 *** PURCHASER INFORMATION ***
NAM/MORRIS,ANN MARIE DOB/19830818 OLN/B9367793
ADR/231 SEABURY ST
CTY/SUISUN CITY ST/CA ZIP/94585 CCC/4800
 *** DEALER INFORMATION ***
DLR/SPORTSMAN'S WAREHOUSE 176 DID/22936
DDD/1590 GATEWAY BLVD
```

DCY/FAIRFIELD DST/CA DZC/94533 DCC/4800 DTN/707-389-7400
ORI/CA0480300 - FAIRFIELD PD OCA/AD2293600969400732
FCN/5592120701651


* DROS - DEALER SALE
SER/BA356972 MAK/SPH SPRINGFIELD ARMORY CAL/9
TYP/PI PISTOL  SEMI-AUTOMATIC MOD/XD9801
DOT/20210716 BBL/3 UOM/IN COL/BLACK MAT/COMPOSITE,STL
 *** PURCHASER INFORMATION ***
NAM/MORRIS,ANN MARIE DOB/19830818 OLN/B9367793
ADR/231 SEABURY ST
CTY/SUISUN CITY ST/CA ZIP/94585 CCC/4800
 *** DEALER INFORMATION ***
DLR/SPORTSMAN'S WAREHOUSE 176 DID/22936
DDD/1590 GATEWAY BLVD
DCY/FAIRFIELD DST/CA DZC/94533 DCC/4800 DTN/707-389-7400
ORI/CA0480300 - FAIRFIELD PD OCA/T2293600969400701
FCN/5592120701646


* DROS - DEALER SALE
SER/BNXT266 MAK/GLC GLOCK,INC CAL/9
TYP/PI PISTOL  SEMI-AUTOMATIC MOD/17  BLACK
DOT/20210421 BBL/4-49 UOM/IN COL/BLACK MAT/STEEL, POLYMER
 *** PURCHASER INFORMATION ***
NAM/MORRIS,ANN MARIE DOB/19830818 OLN/B9367793
ADR/231 SEABURY ST
CTY/SUISUN CITY ST/CA ZIP/94585 CCC/4800
 *** DEALER INFORMATION ***
DLR/ARMY & AIR FORCE EXCHANGE SERVICE DID/23508
DDD/461 SKYMASTER CIRCLE
DCY/TRAVIS AFB DST/CA DZC/94535 DCC/4800 DTN/707-437-4633
ORI/CA0480300 - FAIRFIELD PD OCA/T2350800960801013
FCN/5592112101794


* DROS - DEALER SALE
SER/VB246478 MAK/WEA ROY WEATHERBY CAL/25
TYP/RB RIFLE  BOLT ACTION MOD/VANGUARD
DOT/20210421 BBL/24 UOM/IN COL/BLACK
 *** PURCHASER INFORMATION ***
NAM/MORRIS,ANN MARIE DOB/19830818 OLN/B9367793
ADR/231 SEABURY ST
CTY/SUISUN CITY ST/CA ZIP/94585 CCC/4800
 *** DEALER INFORMATION ***
DLR/ARMY & AIR FORCE EXCHANGE SERVICE DID/23508
DDD/461 SKYMASTER CIRCLE
DCY/TRAVIS AFB DST/CA DZC/94535 DCC/4800 DTN/707-437-4633
ORI/CA0480300 - FAIRFIELD PD OCA/AD2350800960801000
FCN/5592112101793


* DROS - DEALER SALE
SER/J50608 MAK/AEI INDUSTRIA ARGENTINA CAL/380
TYP/PI PISTOL  SEMI-AUTOMATIC MOD/FIRESTORM 380
DOT/20190621 BBL/3-5 UOM/IN COL/BLACK MAT/4140 STL; ALLOY
 *** PURCHASER INFORMATION ***
NAM/MORRIS,ANN MARIE DOB/19830818 OLN/B9367793
ADR/231 SEABURY ST
CTY/SUISUN CITY ST/CA ZIP/94585 CCC/4800
 *** DEALER INFORMATION ***
DLR/SPORTSMAN'S WAREHOUSE 176 DID/22936
DDD/1590 GATEWAY BLVD

```
DCY/FAIRFIELD DST/CA DZC/94533 DCC/4800 DTN/707-389-7400
ORI/CA0480300 - FAIRFIELD PD OCA/T2293600893802523
FCN/5591918401338


* DROS - DEALER SALE
SER/DV042369 MAK/SPK SPIKES TACTICAL CAL/0
TYP/RI RIFLE  SEMI-AUTOMATIC MOD/ST15
DOT/20190530 COL/BLACK
 *** PURCHASER INFORMATION ***
NAM/MORRIS,ANN MARIE DOB/19830818 OLN/B9367793
ADR/231 SEABURY ST
CTY/SUISUN CITY ST/CA ZIP/94585 CCC/4800
 *** DEALER INFORMATION ***
DLR/CORDELIA GUN EXCHANGE & MANUFACTURING LLC DID/21943
DDD/4733 CENTRAL WY
DCY/FAIRFIELD DST/CA DZC/94534 DCC/4800 DTN/707-864-2666
ORI/CA0480300 - FAIRFIELD PD OCA/AD2194300891600754
MIS/FRAME ONLY
FCN/5591916301435


END AFS RESPONSE.


*******
»CCHRS1  CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM SUBJECT LIST - CCHRS
 CHOOSE ONE OR MORE TO REQUEST RAP SHEET:  SEARCH REASON: SA SULLIVAN.........
         %      LAST NAME         FIRST      M SUF SEX RAC   DOB     HGT WGT
  ( . ) 088 MOORE.............. KIMBERLY........ A     F   W  19830930 503 098
         SID/CII:       MAIN:        FBI:         LAPD:            LNK: N
         CCHRS#: 009085618 3S:   WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

  ( . ) 088 MOORE.............. KIMBERLY........ A     F   W  19830930 503 100
         SID/CII:       MAIN:        FBI:         LAPD:            LNK: N
         CCHRS#: 009222865 3S:   WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

  ( . ) 088 MOORE.............. KIMBERLY........ A     F   W  19830930 502 115
         SID/CII: A29598014 MAIN: 33126735 FBI: 565540JD7 LAPD:       LNK: N
         CCHRS#: 016976633 3S:   WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

  ( . ) 062 STILLWELL.......... BONNIE......... L     F   X  00010101 505 000
         SID/CII: 02160692 MAIN: 00110071 FBI: 00549048E LAPD:        LNK: N
         CCHRS#: 002927983 3S:   WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

  ( . ) 053 MOORE.............. DEBRA.......... A     F      19010101 000 000
         SID/CII:       MAIN:        FBI:         LAPD:            LNK: N
         CCHRS#: 004772646 3S:   WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N «


*******
»CCHRS1  CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM SUBJECT LIST - CCHRS
 CHOOSE ONE OR MORE TO REQUEST RAP SHEET:  SEARCH REASON: SA SULLIVAN.........
         %      LAST NAME         FIRST      M SUF SEX RAC   DOB     HGT WGT
  ( . ) 053 MOORE.............. PAT............ A     F      19010101 000 000
         SID/CII:       MAIN:        FBI:         LAPD:            LNK: N
         CCHRS#: 004798577 3S:   WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

  ( . ) 052 MOORE.............. GERLENE........ H     F   X  19420520 504 000
         SID/CII: 03267281 MAIN: 00884237 FBI: 00047710G LAPD: 1452403M. LNK: N
         CCHRS#: 002156352 3S:   WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

  ( . ) 051 MOORE.............. LISA........... A     F      19630330 000 000
```

```
          SID/CII:        MAIN:         FBI:          LAPD:           LNK: N
          CCHRS# 003270934 3S:   WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

( . ) 051 MOORE.............. LISA........... A      F      19630330 000 000
          SID/CII:        MAIN:         FBI:          LAPD:           LNK: N
          CCHRS#: 004557734 3S:  WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

( . ) 051 MOORE.............. LISA........... A      F      19630330 000 000
          SID/CII:        MAIN:         FBI:          LAPD:           LNK: N
          CCHRS#: 005062753 3S:  WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N «


*******
»CCHRS1  CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM SUBJECT LIST - CCHRS
 CHOOSE ONE OR MORE TO REQUEST RAP SHEET:   SEARCH REASON: SA SULLIVAN.........
          %      LAST NAME          FIRST      M SUF SEX RAC   DOB     HGT WGT
( . ) 051 MOORE.............. LISA........... A      F      19630330 000 000
          SID/CII:        MAIN:         FBI:          LAPD:           LNK: N
          CCHRS#: 005062754 3S:  WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

( . ) 046 FAOA.............. MONIQUE.........       F  O   19830930 502 120
          SID/CII: A27203316 MAIN: 32687105 FBI: 273665WB2 LAPD:       LNK: Y
          CCHRS#: 014028155 3S:  WRNT: Y  UND INV: N  CUST: N  PROB: Y  HNDG: Y

( . ) 043 MOORE.............. LINDA...... S      F  X   19491205 411 000
          SID/CII:  04007635 MAIN: 00107569 FBI:          LAPD:       LNK: N
          CCHRS#: 001711596 3S:  WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

( . ) 043 DAVIS.............. SUSIE....... A      F  X   19530705 504 130
          SID/CII: A06769743 MAIN: 03831549 FBI:          LAPD: 1768005D. LNK: N
          CCHRS#: 002338710 3S:  WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

( . ) 041 MOORE.............. BEVERLY........ A      F  X   19460907 504 000
          SID/CII:  04759203 MAIN: 00854456 FBI: 00935656H LAPD:      LNK: N
          CCHRS#: 000361300 3S:  WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N «


*******
»CCHRS1  CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM SUBJECT LIST - CCHRS
 CHOOSE ONE OR MORE TO REQUEST RAP SHEET:   SEARCH REASON: SA SULLIVAN.........
          %      LAST NAME          FIRST      M SUF SEX RAC   DOB     HGT WGT
( . ) 041 MOORE.............. LISA........... A      F  B   19630330 504 121
          SID/CII:        MAIN: 03976696 FBI:          LAPD: 1917588M. LNK: Y
          CCHRS#: 000387572 3S:  WRNT: N  UND INV: N  CUST: N  PROB: N* HNDG: N

( . ) 041 FREEMAN............ KATHY......... A      F  X   19430915 505 000
          SID/CII:  02777757 MAIN: 00657156 FBI: 00210817F LAPD:      LNK: N
          CCHRS#: 000401885 3S:  WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

( . ) 041 SIMPSON............ BARBARA....... A      F  X   19481115 505 145
          SID/CII: A07724734 MAIN: 02490686 FBI:          LAPD: 1097851M. LNK: N
          CCHRS#: 001520695 3S:  WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

( . ) 041 STEVENS............ MARY......... L      F  X   19510521 504 000
          SID/CII:  04160026 MAIN: 00784929 FBI: 00792126H LAPD: 1047118S. LNK: N
          CCHRS#: 001616786 3S:  WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

( . ) 041 HARRIS............. SHARON......... A      F  X   19501201 503 000
          SID/CII:  03582766 MAIN: 01693541 FBI:          LAPD: 0910385H. LNK: N
          CCHRS#: 002039091 3S:  WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N «
```

```
*******
»CCHRS1  CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM SUBJECT LIST - CCHRS
 CHOOSE ONE OR MORE TO REQUEST RAP SHEET:   SEARCH REASON: SA SULLIVAN.........
          %    LAST NAME          FIRST     M SUF SEX RAC   DOB     HGT WGT
 ( . ) 041 ROBINSON............ JENNIFER....... A     F  X  19621128 501 165
        SID/CII: A08183191 MAIN: 04142165 FBI: 028158FA9 LAPD: 2096588M. LNK: N
        CCHRS#: 002078853 3S:    WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

 ( . ) 041 MOORE............... LISA......... A     F  B  19630330 504 123
        SID/CII:        MAIN:        FBI:        LAPD:        LNK: Y
        CCHRS#: 003229875 3S:    WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

 ( . ) 041 MOORE............... ANN........... J     F  B  19630910 504 130
        SID/CII:        MAIN:        FBI:        LAPD:        LNK: N
        CCHRS#: 007308777 3S:    WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

 ( . ) 036 CRIGLER............. ANNA.......... L     F  W  19290912 508 134
        SID/CII:        MAIN: 00539120 FBI:        LAPD:        LNK: N
        CCHRS#: 000190844 3S:    WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N

 ( . ) 036 WASHINGTON.......... JACKIE........       F  B  19561014 503 107
        SID/CII: 05442480. MAIN: 02166124 FBI: 0840872N4 LAPD: 1367608D. LNK: N
        CCHRS#: 000668244 3S:    WRNT: N  UND INV: N  CUST: N  PROB: N  HNDG: N «


*******
TO: FB29   FROM: CWS        IW      03/14/22  14:56:26
*INFO* - MOORE ANNA           NO HIT


*******
```